**DELTA AIR LINES, INC., Petitioner,**

v.

**CIVIL AERONAUTICS BOARD,**
**Respondent.**
**Docket 25852.**

United States Court of Appeals
Second Circuit.
Sept. 17, 1959.

R. S. Maurer, Atlanta, Ga., for Delta Air Lines, Inc.

Franklin M. Stone, Gen. Counsel, CAB, Washington, D. C., for respondent.

Albert F. Grisard, Washington, D. C., for intervenor, Lake Central Airlines, Inc.

T. Robert Verkouteren, Washington, D. C., for intervenors, Evansville Chamber of Commerce and Evansville-Vanderburgh Airport Authority District.

Before MOORE, Circuit Judge.

MOORE, Circuit Judge.

An appeal is pending before this court from an order (E–13835) of the Civil Aeronautics Board issued on May 7, 1959. Petitioner, Delta Air Lines, Inc., seeks to stay the effectiveness of this order pending the determination of this appeal. It would indeed be inappropriate upon this application to make any comments which might bear upon the merits of the controversy shortly to be heard by this court, except as they relate to this application.

Petitioner Delta by concession of the Civil Aeronautics Board was awarded the certificate in issue here effective on December 5, 1958 (Memorandum of CAB, p. 5, USCA, D.C.). Acting thereunder, Delta inaugurated between Chicago-Indianapolis-Evansville air transport service permitted under such a certificate. This service has continued to date. The certificate was to be effective on November 29, 1958 (extended to December 5, 1958) unless the CAB extended the effective date. On May 7, 1959, the CAB, pursuant to petitions for reconsideration, filed by air carriers, Lake Central and Piedmont, issued an order precluding the service placed in operation by Delta pursuant to the Board's order (E–13835). The Board's right to take this action will be before this court upon the appeal. Substantial legal questions are presented, centering around the right of the CAB to modify its original order, construction of the conditions contained in its order, and the interpretation of applicable statutes and regulations. Inauguration of its service pursuant to the CAB order was apparently undertaken by Delta in good faith in reliance upon the order. For the last eight months, such service has been rendered between Chicago-Indianapolis

and Evansville. To deny a stay at this time would have the effect of a final award against Delta—a result always to be avoided if possible on an application for a temporary stay. The decision on the merits should be forthcoming shortly because the appeal is scheduled for argument at a comparatively early date. Under all the facts, the equities are preponderantly in favor of a continuance by Delta of the service authorized by the Board during the brief period remaining until a decision on the merits is handed down.

Motion for a stay granted.